## Commonwealth ex rel. Ricks v. Maroney

*John W. Ricks*, p. p.

*Richard E. McCormick*, District Attorney, and *William F. Caruthers*, Assistant District Attorney, for respondent.

O'CONNELL, P. J., August 3, 1961.—This matter comes before the court on a petition for a writ of

habeas corpus to obtain petitioner's release from the State Correctional Institution, Pittsburgh 33.

It appears from the record, that petitioner was tried at no. 207, January term, 1960, of quarter sessions, and no. 1, January term, 1960, of oyer and terminer and general jail delivery, on the charges of burglary, larceny and receiving stolen property. He was convicted and sentenced to the Pennsylvania State Correctional Institution at Pittsburgh 33, for a term of not less than two nor more than four years, and is presently confined under that sentence at that institution.

Petitioner, as a basis for his writ, alleges that the indictment under which he was tried failed to list the names of all the witnesses who appeared and testified at the trial of his case. Only the name of the prosecutor, Elmer Gongaware, was listed on the indictment. The name of two material witnesses, Malcolm Hamilton, the owner of the stolen property and Charles R. Henshaw, a gunsmith who aided in the capture of petitioner, were not included.

The question here to be decided is whether an indictment is fatally defective which does not list the names of all of the witnesses who testified at the trial of defendant.

Defendant, John W. Ricks, was represented by Patrick McKague, Esq., an able member of the Westmoreland County Bar Association. Both petitioner and his counsel were present at the trial, examined all of the papers, and participated completely in the trial of the case. The Commonwealth's witnesses testified without any objection being made by counsel for defendant. Had a timely objection to the use of these witnesses by the Commonwealth in the presentation of its case been made by defendant, the indictment could have been amended, and the names of the witnesses to be called could have been added to the indictment. This right is

conferred by the Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 11, 19 PS §261.

The Commonwealth contends that defects which are not objected to in a proper and timely manner are aided and cured by a verdict. We agree with this contention and hold that if a failure to list the witnesses, as alleged by defendant, constituted error on the part of the Commonwealth, this error was cured by defendant's failure to make timely objections, as was his right. Petitioner, in addition to his failure to make objections, as set forth above, also failed to appeal from the verdict. He cannot now use a petition for a writ of habeas corpus as a substitute for an appeal.

We, therefore, enter the following:

*Decree*

And now, August 3, 1961, petition of John W. Ricks for a writ of habeas corpus, be, and the same hereby is denied without hearing.